[Civ. No. 45299. Second Dist., Div. Four. May 14, 1975.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
TERRY JAMES BRODIE, Real Party in Interest.

[Crim. No. 26411. Second Dist., Div. Four. May 14, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
TERRY JAMES BRODIE, Defendant and Respondent.

## Counsel

Joseph P. Busch, District Attorney, Harry B. Sondheim and Daniel L. Bershin, Deputy District Attorneys, for Petitioner and for Plaintiff and Appellant.

No appearance for Respondent.

Johnnie L. Cochran, Jr., and Carl Jones for Real Party in Interest and for Defendant and Respondent.

Richard S. Buckley, Public Defender, Harold E. Shabo, Michael Rothschild, Martin Stein and Dennis A. Fischer, Deputy Public Defenders, as Amici Curiae on behalf of Real Party in Interest and Defendant and Respondent.

## Opinion

**FILES, P. J.**—In this opinion we discuss the interpretation of Penal Code section 190.2, subdivision (b) (4), prescribing the death penalty where "The defendant has in this or in any prior proceeding been convicted of more than one offense of murder of the first or second degree." Before reaching that issue it is necessary to determine whether the superior court's pretrial ruling adverse to the People is reviewable by appeal or by prerogative writ.

By information, Terry James Brodie was charged in count I with the murder of Thomas, and in count II with the murder of Luckey. Each count alleged, as "a special circumstance" enumerated in section 190.2, subdivision (b) (4), the murder of the alleged victim named in the other count.[1] Each count also alleged, as "a special circumstance" that on

---

[1] Penal Code section 190.2:

"The penalty for a person found guilty of first-degree murder shall be death in any case in which the trier of fact pursuant to the further proceedings provided for in Section 190.1 makes a special finding that:

" . . . . . . . . . . . . . . .

"(b) The defendant personally committed the act which caused the death of the victim and any of the following additional circumstances exist:

" . . . . . . . . . . . . . . .

"(4) The defendant has in this or in any prior proceeding been convicted of more than one offense of murder of the first or second degree. For the purpose of this paragraph an offense committed in another jurisdiction which if committed in California would be punishable as first or second degree murder shall be deemed to be murder of the first or second degree."

November 5, 1969, defendant had been convicted in Kansas of the murder of De Lapp. Upon motion of the defendant, the superior court made a minute order on October 4, 1974, granting defendant's motion to strike from the information the allegation of "the alleged Kansas City [*sic*] prior."

The stated basis of the trial court's ruling was its interpretation of the statute as being applicable only where the defendant had been convicted of more than one murder in the same proceeding. Since the Kansas proceeding resulted in a conviction of only one murder, in the trial court's view this was not a "special circumstance" which would require imposition of the death penalty if defendant were convicted of only one of the two murders charged in the pending information.

The People filed a notice of appeal from the minute order of October 4, 1974, and then filed a petition in this court for a writ of mandate to compel the superior court to vacate that order. The petition alleged that no matter whether the order was appealable, the remedy by appeal was not speedy or adequate and urged the importance of resolving the issue as soon as practicable, and prior to the trial of the pending charges.

On December 26, 1974, we issued an alternative writ of mandate directing the trial court either to vacate its order of October 4 or show cause why a peremptory writ should not issue. This issuance of the alternative writ reflected our decision at that time that the remedy by appeal was inadequate. (See *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 155 [118 Cal.Rptr. 14, 529 P.2d 46].) We decided that no matter whether the order was reviewable by appeal, the writ proceeding should be used because of the need for a prompt and definitive interpretation of a new statute for this case and for a substantial number of other cases which are pending or will be commenced in the near future. (Cf. *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 75, fn. 5 [113 Cal.Rptr. 28, 520 P.2d 412].)

When the writ proceeding came on for oral argument, the parties stipulated that all papers on file in either the appeal or the writ proceeding might be considered in both proceedings. Both the appeal and the writ application were then submitted upon the papers on file.

The Public Defender of Los Angeles County has been granted leave to appear as amicus curiae for the purpose of arguing his contention that the law does not permit any pretrial appellate review of

the October 4, 1974, order, either by appeal or by writ. The argument is that the right of appeal is statutory, the appeal statute (Pen. Code, § 1238) does not specify this kind of order as appealable, and the legislative limitation upon appealability should not be evaded by the use of a prerogative writ, citing *People* v. *Superior Court* [*Howard*] (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138].

In the *Howard* case, the trial judge had dismissed an information on his own motion after the jury had returned a verdict of guilty. The People sought a writ of mandate to set aside the trial court's order of dismissal. In denying the People's application for relief the Supreme Court said: "To permit the People to resort to an extraordinary writ to review where there is no right to appeal would be to give the People the very appeal which the Legislature has denied to them." (69 Cal.2d at p. 499.)

After analyzing the prior decisional law, the *Howard* opinion stated: ". . . Appellate review at the request of the People necessarily imposes substantial burdens on an accused, and the extent to which such burdens should be imposed to review claimed errors involves a delicate balancing of the competing considerations of preventing harassment of the accused as against correcting possible errors.

"Assuming that in some cases the matter may be of such importance that mandate may be available to the People to review determinations where appeal does not lie, we are satisfied that the proper balancing of these considerations prohibits review by mandate at the request of the People where, as here, there is a danger of further trial or retrial." (69 Cal.2d at p. 501.)

Immediately following that passage the court disapproved two Court of Appeal decisions "which permitted the issuance of mandate where there was a danger of retrial."

One of the decisions analyzed in *Howard* is *People* v. *Superior Court* [*King*] (1967) 249 Cal.App.2d 714 [57 Cal.Rptr. 892], where the superior court had dismissed an information on its own motion because it believed that the evidence of guilt in the preliminary transcript, though conflicting, did not justify prosecution. Upon the People's petition, the Court of Appeal granted a writ ordering the superior court to set aside its dismissal. In the *Howard* opinion, the Supreme Court expressed disagreement with the *King* court's narrow view of the trial judge's

discretion, but did not disapprove the use of the writ of mandate to set aside a pretrial dismissal. (69 Cal.2d at pp. 501 and 503-504.)

Both the language of the *Howard* opinion[2] and the authority of subsequent decisions have established that the People are not denied resort to an extraordinary writ under all circumstances. The *Howard* case is different from the present case in two important respects: first, in *Howard,* the order of dismissal was made after the case had been tried; here the order to be reviewed was made before jeopardy had attached. Second, the ruling in *Howard* involved the issue of guilt, the trial judge having made his order of dismissal because he felt the defendant was entitled to an acquittal; here the order involved the trial court's interpretation of a statute, unrelated to any opinion as to guilt or innocence.

An example of a proper use of mandate is found in *People* v. *Superior Court* [*Edmonds*] (1971) 4 Cal.3d 605 [94 Cal.Rptr. 250, 483 P.2d 1202], which arose because a trial court had allowed the defendant in a criminal case to renew at trial a pretrial motion to suppress evidence under Penal Code section 1538.5. The Supreme Court held that the trial court had no jurisdiction to entertain such a motion at trial, and granted a writ to require the trial court to set aside its order. In distinguishing the *Howard* case, the Supreme Court pointed out that, since the order under review had been made at the close of a court trial but before judgment, no danger of further trial or retrial would exist if the order granting the motion were set aside.

Assuming that the ruling now before us was not appealable,[3] we regard the *Edmonds* decision as an apt analogy for use of the writ procedure here. Penal Code sections 190 and 190.1 contemplate that, in an information charging murder, the prosecutor may allege the special circumstances enumerated in section 190.2, and that the trier of the fact will determine the truth of the allegations. When a trial judge strikes out

---

[2]See also the analysis of *Howard* in *People* v. *Thompson* (1970) 10 Cal.App.3d 129, 135-137 [88 Cal.Rptr. 753].

[3]A rationale for appealability under Penal Code section 1238, subdivision (a) (1), is found in *People* v. *Burke* (1956) 47 Cal.2d 45, 51-53 [301 P.2d 241], and *People* v. *Valenti* (1957) 49 Cal.2d 199, 204-208 [316 P.2d 633]. (But see *People* v. *Superior Court* [*Kasparek*] (1962) 202 Cal.App.2d 850, 853 [21 Cal.Rptr. 178], *People* v. *Superior Court* [*King*], *supra,* 249 Cal.App.2d 714, 715.)

The United States Supreme Court has recently decided that an appeal by the prosecution from a pretrial order of dismissal does not violate the federal constitutional protection against double jeopardy. *(Serfass* v. *United States* (1975) 420 U.S. 377 [43 L.Ed.2d 265, 95 S.Ct. 1055].)

such an allegation solely because of a misinterpretation of the statute, its order is in excess of its jurisdiction. (See *Howard, supra,* 69 Cal.2d at p. 500.) In the case at bench, considering the gravity of the charge, the importance of the issue and the absence of any showing of prejudice by the delay involved in the review procedure, a weighing of the factors referred to in the *Howard* opinion does not preclude review by this mandate proceeding.

Before turning to the merits of the petition, we point out that the constitutionality of the death penalty is not an issue to be decided in this proceeding. The defendant, as real party in interest here, has asserted in the closing paragraph of his brief that the petition should be denied because the present death penalty statute is unconstitutional. The briefs contain no argument upon the point, and we assume it has been raised solely to avoid any suggestion of waiver. Since the People's petition presents only the interpretation of one aspect of the statute and the constitutional issue has not been briefed, we will presume constitutionality for the purpose of this proceeding and leave that subject for another occasion.

■ The manifest purpose of section 190.2 is to identify categories of murderers for whom the Legislature has decided that the death penalty should be imposed. The category defined in subdivision 4 is a person who has been convicted of more than one murder. The language is "The defendant has in this or any prior proceeding been convicted of more than one offense of murder . . . ."

The words "in this or any prior proceeding" equate a conviction in a prior proceeding with a conviction in this proceeding. The defendant's theory, which the trial court apparently adopted, is that the statute would apply only to a person who had been convicted of more than one murder in a prior proceeding or would be convicted of more than one murder in this proceeding. Thus, a person who had committed any number of murders would never come within that section if each murder had been prosecuted in a separate proceeding. We cannot impute to the Legislature so whimsical a purpose, and we find no ambiguity in the language used.

In the case at bench if the defendant is convicted of only one murder, and if the trier of the facts should find that he was convicted of the De Lapp murder in Kansas in 1969, section 190.2, subdivision (b) (4) would be applicable.

Let a writ of mandate issue requiring the superior court to set aside that portion of its order of October 4, 1974, which struck an allegation of special circumstance from the information. The appeal (2d Crim. No. 26411) is dismissed as moot.

Jefferson, J., and Dunn, J., concurred.

The petitions of real party in Brodie and appellant People for a hearing by the Supreme Court were denied July 30, 1975. Tobriner, J., was of the opinion that the petition of real party in interest should be granted.