[Crim. No. 26142. Second Dist., Div. Four. May 14, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY MORA CARDENAS, Defendant and Appellant.

**COUNSEL**

Joseph E. Gerbac, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and John B. Moy, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

DUNN, J.—A five-count information charged defendant with (count I) burglary on 13 March 1974 of the residence of Ramona K. Tilly, in violation of Penal Code section 459, a felony; (count II) rape of Ramona K. Tilly the same date, in violation of Penal Code section 261, subdivision 3, a felony; (count III) rape of Ramona K. Tilly the same date, in violation of the same section of the Penal Code, also a felony; (count IV) armed robbery of Ramona K. Tilly the same date, in violation of Penal Code section 211, a felony in the course of which defendant intentionally inflicted great bodily injury upon her; and (count V) grand theft of a firearm the same date, in violation of Penal Code section 487, subdivision 3, a felony. In the first four counts it further was alleged that, at the time of each offense, defendant was armed with a deadly weapon and used a firearm. Defendant was arraigned and pled not guilty. A jury found defendant guilty of all five counts, fixing the burglary charge in count I as first degree and the robbery charge in count IV as first degree. The jury also found it true that, as charged in counts I-IV, defendant was "armed" with a deadly weapon and "used" a firearm. ■ ■■■ The court sentenced defendant to state prison on each count concurrently (Pen. Code, § 669), further finding defendant "used" a firearm as to counts II, III, IV and V.[1]

Defendant first contends the trial court erred by refusing to instruct, *sua sponte*, in the language of CALJIC instruction No. 10.22.[2] It is true,

[1]The mention of count V is an error. The jury's verdict did not mention it nor did the information. Accordingly, we strike the finding of using a firearm as to count V and direct the trial court to correct its judgment.

[2]This instruction reads: "A charge such as that made against the defendant in this case is one which is easily made and, once made, difficult to defend against, even if the person

as defendant recites, that on August 19th (the trial took place on August 14, 15, 16, 19 and 20) the trial judge stated to counsel that he would not give CALJIC instruction No. 10.22 *sua sponte*. However, we are not informed by the record if he thereafter changed his mind, inasmuch as the reporter's transcript does not contain the instructions actually given and the clerk's transcript contains no mention of the instruction as being either given or refused. We are not here concerned with the trial judge's statement or reasons, but with what he actually did. This we do not know from the record before us.

█ Next, defendant contends the trial court erred under Penal Code section 654 by sentencing him on counts I, IV and V. The People concede it was error by the court to sentence defendant on counts I and IV but allege the sentencing on count V was proper. Defendant relies upon *Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839] and *People* v. *Jones* (1962) 211 Cal.App.2d 63, 73-74 [27 Cal.Rptr. 429].

We agree that the sentencing of defendant for burglary (count I), for robbery (count IV) and for grand theft (count V) was erroneous. The evidence regarding these three counts disclosed a single course of conduct against the same victim. Thus, while the "firearm" alleged in count V belonged to the victim's husband it was taken by defendant from the residence occupied by both the victim and her husband.

The crimes of first degree robbery and burglary carry identical penalties, i.e., sentence to state prison for not less than 5 years (Pen. Code, §§ 213, 461), with the additional proviso that, if great bodily injury is charged and established, the sentence shall be from 15 years to life. Additionally, the court's judgment mentioned that defendant used a firearm within the meaning of Penal Code section 12022.5. The punishment for grand theft (Pen. Code, § 489) is a lesser one; we affirm defendant's convictions and his sentencing for the offense more severely punishable under count IV (*In re Ponce* (1966) 65 Cal.2d 341, 343 [54 Cal.Rptr. 752, 420 P.2d 224]; *In re Ward* (1966) 64 Cal.2d 672, 676 [51 Cal.Rptr. 272, 414 P.2d 400], and direct that the sentences imposed on counts I and V be set aside.

█ Finally, defendant contends there was no evidence that he inflicted "great bodily injury" on his victim, as charged in count IV,

accused is innocent. [¶] Therefore, the law requires that you examine the testimony of the female person named in the information with caution."

arguing that a forcible rape committed in the course of a robbery does not constitute such. Defendant cites us to no case, resting his argument upon a showing that the language appearing in Penal Code section 264 regarding "great bodily injury" is identical with the language used in the Penal Code sections (Pen. Code, §§ 213, 461), involving robbery and burglary. Thus, according to defendant, since great bodily injury in addition to rape must be shown in order that a rape merit a sentence of 15 years to life, the Legislature must have intended that something besides forcible rape be established by the evidence of robbery or burglary. The People agree. However, we do not.

■ We note from the language of Penal Code section 264 that it applies to all of the types of rape mentioned in Penal Code section 261; it is not limited in application only to subdivision 3, so that "great bodily injury" could occur whether an accused is charged with rape under subdivision 3 or under other subdivisions.

"Surely pregnancy as a result of forcible rape is great bodily injury. So also is the 'outrage to the person and feelings of the female' which constitutes the essential guilt of rape. [¶] I am not willing to hold that as a matter of law a woman who has been forcibly raped has not suffered great bodily injury." (Dissent of Schauer, P. J. in *People* v. *McIlvain* (1942) 55 Cal.App.2d 322, 334 [130 P.2d 131]; and see: *People* v. *Chessman* (1951) 38 Cal.2d 166, 185 [238 P.2d 1001], disapproved on other grounds in *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677]; *People* v. *Brown* (1947) 29 Cal.2d 555, 560 [176 P.2d 929], disapproving majority holding in *McIlvain, supra.*) While the two cases last mentioned dealt with "bodily harm" and not with "great bodily harm" we are not prepared to say that the trial court in the present case erred in concluding that great bodily injury was established, as alleged in count IV.

The judgment of convictions is affirmed; however, we direct the trial court to strike from its judgment the finding that defendant used a firearm in committing count V (fn. 1) and to strike its sentencing of defendant in counts I and V.

As so modified the judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied June 5, 1975, and appellant's petition for a hearing by the Supreme Court was denied July 9, 1975.