[Civ. No. 49776. Second Dist., Div. One. Apr. 14, 1977.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
FRANK LOZANO, Real Party in Interest.

## COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Ezekiel Perlo and G. Keith Wisot, Deputy Public Defenders, for Real Party in Interest.

## OPINION

### HANSON, J.—

#### INTRODUCTION

The People petition for a writ of mandate or certiorari to compel the trial court to annul and vacate its order granting defendant Frank Lozano's (real party in interest) motion pursuant to Penal Code section 995 (hereinafter Section 995) to set aside a "great bodily injury" allegation in two counts of an information which charged defendant with robbery (Pen. Code, § 211) and burglary (Pen. Code, § 459).

#### THE CASE

The reporter's transcript of the preliminary hearing reflects that a 53-year-old woman rented a motel room while she was visiting Los Angeles to attend her nephew's wedding; that while she was asleep, a burglar entered her motel room and then raped her, forcibly sodomized her, and then took her money, jewelry and blank checks; that defendant Lozano was apprehended within a short distance of the motel and identified as the burglar.

The municipal court denied defendant's motion to strike the allegations regarding "great bodily injury" and ordered that the defendant be held to answer and be committed to the superior court.

In accordance with the determination by the municipal court, the information charged that defendant had committed robbery in violation of Penal Code section 211 (count I), burglary in violation of Penal Code

section 459 (count II), rape in violation of Penal Code section 261, subdivision 2 (count III), and sodomy in violation of Penal Code section 286, subdivision (c) (count IV). It was alleged in counts I, II and III that defendant Lozano inflicted "great bodily injury" with the intent to inflict such injury in the course of the three respective felonies.

Thereafter defendant Lozano brought a motion pursuant to section 995 contending that the great bodily injury allegations in counts I, II and III should be set aside. No contention was made that the evidence was otherwise insufficient. The hearing upon defendant's motion dealt only with the questions of whether forcible rape, without further injury, constitutes great bodily injury and, if not, whether the evidence at the preliminary hearing (including the prima facie showing of the violation of Pen. Code, § 288a) was sufficient nevertheless to establish great bodily injury. The superior court granted the motion to set aside the great bodily injury allegations.

The People filed its petition in this court contesting the superior court's ruling as to the burglary and robbery counts only and at the same time filed a notice of appeal. We issued an alternative writ of mandate. The issuance of the alternative writ reflected our preliminary determination that the remedy by appeal was not adequate. (See *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 155 [118 Cal.Rptr. 14, 529 P.2d 46].) Defendant Lozano (real party in interest), in addition to opposing the petition upon the merits, has demurred to the petition upon the ground that the People have no right to review by extraordinary writ.

DISCUSSION

I

■ We first address the threshold procedural question of the People's right to review by writ.

The People contend that review by writ in the instant case is appropriate because the superior court acted in excess of its jurisdiction in failing to apply the relevant statutes (Pen. Code, §§ 213, 461) and in failing to follow controlling precedent (*People* v. *Cardenas* (1975) 48 Cal.App.3d 203 [121 Cal.Rptr. 426]), and that the remedy by appeal is not speedy and therefore not adequate.

Defendant Lozano argues that review by writ is unnecessary in that appeal is more appropriate for the review of the merits of the court's ruling and that under the present law it cannot be determined if a trial court in ruling on a motion pursuant to Section 995 acts in excess or within its jurisdiction in setting aside only the great bodily injury allegations in an information.

We deem it unnecessary and therefore expressly refrain from deciding if the superior court has the power in ruling on a motion pursuant to Section 995 to set aside only the great bodily injury allegations in an information as we conclude that the People nevertheless are entitled to review by writ of mandate upon more traditional grounds.

We do not assume, as both parties have, that the court's ruling is reviewable upon appeal by the People. The People have a right to appeal under Penal Code section 1238, subdivision (a), from an order setting aside the information but it is doubtful if the ruling here in setting aside only the "great bodily injury" allegations in an information is the type of order described in Penal Code section 1238, subdivision (a). (See *People v. Superior Court (Brodie)* (1975) 48 Cal.App.3d 195, 200, fn. 3 [121 Cal.Rptr. 732].)

Assuming that the trial court's ruling is not appealable, we construe *People v. Superior Court (Edmonds)* (1971) 4 Cal.3d 605 [94 Cal.Rptr. 250, 483 P.2d 1202], and *Brodie, supra,* as authority for permitting review by writ. The *Edmonds* and *Brodie* cases acknowledge that review by prerogative writ is possible if the trial court acts in excess of its jurisdiction. Here the act in excess of its jurisdiction consists of the below court's failure to follow a decision by the Court of Appeal directly in point (*People v. Cardenas, supra,* 48 Cal.App.3d 203) when it undertook to interpret the provisions of Penal Code sections 213 and 461 insofar as those sections provide for increased punishment for the infliction of great bodily injury.[1]

---

[1] The trial court at the beginning of the hearing did attempt to distinguish the decision in point (*People v. Cardenas, supra*) upon the basis that the primary motivation in the present case was the rape. It is, however, clear from the entire transcript of the hearing that the trial court's ruling represented its disagreement with the holding in *Cardenas.* Moreover, a determination as to defendant's primary motivation could not be made at this stage of the proceedings. The evidence produced at the preliminary hearing established that the defendant entered the motel room through an open window but it also established that the black-out drapes at the window were closed. The record thus is devoid of any evidence which would support a finding that the defendant was aware of the victim's gender when he entered the motel room.

Moreover, in our view *People* v. *Superior Court* (*Howard*) (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138], does not foreclose to the People review by writ in all cases in which there was no remedy by appeal. As in *Brodie,* in the instant case the order was made before there was any trial and therefore jeopardy had not attached. In addition, the trial court's ruling did not involve any question of guilt or innocence but dealt with the application of the enhancement provisions of Penal Code sections 213 and 461 in light of *Cardenas, supra.*

In the present case the defendant does not claim any prejudice as a result of the delay, the matter involves issues of grave importance at the preliminary stages of a criminal proceedings, the same issues are present in at least one other case (*People* v. *Superior Court (Vasquez)* (1977) *ante,* p. 14 [137 Cal.Rptr. 762]), and the trial court has expressed a need for clarification. In view of the foregoing, a balancing of the facts referred to in *Howard* (69 Cal.2d at p. 501) weighs in favor of pretrial review.

Accordingly, we conclude that, under the particular circumstances present here, the People are entitled to review by extraordinary writ.[2]

II

We turn now to the determinative substantive question presented.

■ Here in counts I (robbery) and II (burglary) of the information it was alleged that during the offense defendant Lozano did inflict "great bodily injury" on the victim with the intent to inflict such injury in the course of the commission of the robbery and burglary.

Statutory authority for the great bodily injury allegations as to the crime of robbery is found in Penal Code section 213 which after providing for robbery in the first and second degrees states: "The preceding provisions of this section notwithstanding, in any case in which defendant committed robbery, and in the course of commission of the robbery, with the intent to inflict such injury, inflicted great bodily injury

---

[2]Such a result would also follow if it were assumed that the trial court's ruling could be reviewed by appeal. Unlike *People* v. *Superior Court* (*Levy*) (1976) 18 Cal.3d 248 [133 Cal.Rptr. 624, 555 P.2d 633], the People here do not claim that the remedy by appeal is inadequate because they would be bound by a decision upholding an order of dismissal. The People claim the remedy by appeal is inadequate because the defendant remains charged with all the counts in the information without the great bodily injury allegations. In addition, the People assert that the trial court exceeded its jurisdiction and do not contend, as was the case in *Levy,* that there was ordinary judicial error.

on the victim of the robbery, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial or if admitted by the defendant, defendant shall suffer confinement in the state prison from 15 years to life."

Almost identical provisions exist in Penal Code section 461[3] dealing with punishment for the crime of burglary.

The court below at the hearing had before it the transcript of the preliminary hearing in which the evidence established rational grounds for assuming that a forcible rape had been committed. The court also considered *People* v. *Cardenas, supra,* 48 Cal.App.3d 203,[4] in which the defendant was convicted of one count of rape and one count of robbery in the course of which defendant inflicted great bodily injury.

In *Cardenas* at pages 206 and 207, the court said: "Finally, defendant contends there was no evidence that he inflicted 'great bodily injury' on his victim, as charged in count IV, arguing that a forcible rape committed in the course of a robbery does not constitute such. Defendant cites us to no case, resting his argument upon a showing that the language appearing in Penal Code section 264 regarding 'great bodily injury' is identical with the language used in the Penal Code sections (Pen. Code, §§ 213, 461), involving robbery and burglary. Thus, according to defendant, since great bodily injury in addition to rape must be shown in order that a rape merit a sentence of 15 years to life, the Legislature must have intended that something besides forcible rape be established by the evidence of robbery or burglary. The People agree. However, we do not.

"We note from the language of Penal Code section 264 that it applies to all of the types of rape mentioned in Penal Code section 261; it is not

---

[3]Penal Code section 461 provides in pertinent part: "The preceding provisions of this section notwithstanding, in any case in which defendant committed burglary and in the course of commission of the burglary, with the intent to inflict such injury, inflicted great bodily injury on any occupant of the premises burglarized, such fact shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or if admitted by the defendant, defendant shall suffer confinement in the state prison from 15 years to life."

[4]*Cardenas* was a majority opinion and dealt directly with the issue before the trial court. Despite the fact that *Cardenas* quoted from the dissent in *People* v. *McIlvain* (1942) 55 Cal.App.2d 322, 334 [130 P.2d 131], the decision in *Cardenas* was binding on the trial court. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

limited in application only to subdivision 3, so that 'great bodily injury' could occur whether an accused is charged with rape under subdivision 3 or under other subdivisions.

" 'Surely pregnancy as a result of forcible rape is great bodily injury. So also is the "outrage to the person and feelings of the female" which constitutes the essential guilt of rape. [¶] I am not willing to hold that as a matter of law a woman who has been forcibly raped has not suffered great bodily injury.' (Dissent of Schauer, P. J. in *People* v. *McIlvain* (1942) 55 Cal.App.2d 322, 334 [130 P.2d 131]; and see: *People* v. *Chessman* (1951) 38 Cal.2d 166, 185 [238 P.2d 1001], disapproved on other grounds in *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677]; *People* v. *Brown* (1947) 29 Cal.2d 555, 560 [176 P.2d 929], disapproving majority holding in *McIlvain, supra.*) While the two cases last mentioned dealt with 'bodily harm' and not with 'great bodily harm' we are not prepared to say that the trial court in the present case erred in concluding that great bodily injury was established, as alleged in count IV."

We find no reason to disagree with the *Cardenas* determination that the similarity of language in the punishment provisions of Penal Code sections 264 (rape), 213 (robbery), and 461 (burglary) does not mean that forcible rape cannot constitute great bodily injury as to the crimes of robbery and burglary.

We perceive nothing in *People* v. *Richardson* (1972) 23 Cal.App.3d 403 [100 Cal.Rptr. 251], to the contrary. *Richardson* established that "great bodily injury" does not mean trivial or modest injury. *People* v. *Richardson, supra,* at pages 411-412, did rely upon the similar language regarding the increased punishment for rape (Pen. Code, § 264) and the increased punishment for robbery (Pen. Code, § 211) as the basis for its conclusions that slight injury is not sufficient and that some injury in addition to the basic elements of the particular crime is required. Those conclusions in *Richardson* do not mean that forcible rape cannot constitute great bodily injury for purposes of Penal Code sections 213 and 461. *Richardson* did not determine that forcible rape is considered slight injury. It merely determined that something more than the underlying crime must be present to justify the increased punishment for great bodily injury. Forcible rape is simply not the type of injury inherent in the crimes of robbery or burglary.

The fact that forcible rape is also a crime under Penal Code section 261 is of little or no importance. The great bodily injuries suffered by the victims in *People* v. *Wells* (1971) 14 Cal.App.3d 348 [92 Cal.Rptr. 191], and *People* v. *Hopkins* (1975) 44 Cal.App.3d 669 [119 Cal.Rptr. 61], would also constitute separate crimes.

█ It is, of course, possible that after trial *Richardson* will preclude the application of the enhanced punishment for a variety of reasons. For instance, as to the burglary count, it may be found that the defendant entered the motel room with the intent to commit rape. We, however, deal not with what may be established at the trial but with the scope of permissible charges prior to trial.

We conclude the determining of whether or not forcible rape is of slight, trivial, minor or moderate harm or great bodily injury cannot be treated as a matter of law. We also conclude, as did *Cardenas, supra,* that the question of whether such evidence is within the meaning of Penal Code sections 213 and 461 is a question of fact.[5]

## DISPOSITION

Let a writ of mandate issue requiring the superior court to vacate that portion of its order of October 6, 1976, which set aside the allegations regarding great bodily injury in counts I and II of the information.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 5, 1977, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 9, 1977.

---

[5]We note that the evidence at the preliminary hearing established that this 53-year-old victim was forcibly sodomized from the front and that the victim testified she experienced pain during the performance of the act. She also testified that she received medical treatment immediately after the crime and also on the next day.