Opinion
SIMS, Acting P. J.
The People have appealed[1] from orders of the trial court that sustained the motions of the defendants Soto and West, under section 995 of the Penal Code, insofar as they sought dismissal of so much of the first count of the information, charging kidnaping for ransom in violation of section 209 of the Penal Code, as alleged that the victim suffered bodily harm, and that sustained the motion of the defendant Soto for dismissal of the second count charging him with assault to commit rape in violation of section 220 of the Penal Code.
The defendant West, through her attorney, has elected not to file a brief or appear at oral argument on this appeal. Since the argument on behalf of the People with respect to both issues stresses actions solely attributable to the defendant Soto, and fails to show how acts attributable jointly or severally to both defendants could alone warrant the charge of bodily harm, we affirm the order as to defendant West.
Following oral argument in this case, the Attorney General advised the court that the defendant Soto had been convicted by verdict of a juiy of kidnaping for ransom in violation of section 209, augmented by use of a firearm as provided in Penal Code section 12022.5. It was suggested that the case was moot. Before the court could act on that suggestion, the Attorney General at the request of the district attorney requested that the appeal be pursued to a conclusion “because the defendant can appeal his conviction for a violation of Penal Code section 209, and in case that conviction is reversed we want to be able to try those matters in which the 995 motion was granted.” It was also stated: “[I]t would be instructive to find out whether bodily injury must be proved at the preliminary *271 examination. This is especially so in this case where our office was caught in the middle between two judges with different views in this issue.”
We question, without so ruling, that the defendant Soto cán be subjected to prosecution for a more serious offense as the price of taking a successful appeal. (See People v. Henderson (1963) 60 Cal.2d 482, 495-497 [35 Cal.Rptr. 77, 386 P.2d 677]; and Witkin, Cal. Crimes (1975 supp.) § 202A, pp. 151-153.) Nevertheless, in view of the procedural morass which beset the progress of this case we have undertaken to unravel it for the edification of those concerned. In so doing, although we find error, in the interests of justice we affirm the action of the lower court, thereby rendering it unnecessary to determine the question posed above.
I
A. Pleading
From the record[2] it appears that the complaint filed before the magistrate did not contain any allegations to show that the People were seeking the enhanced punishment prescribed by section. 209.[3] At the *272 preliminaiy hearing when the prosecutor sought to question the victim about the existence of any remaining physical effects of the conduct, described below, which gave rise to the filing of the second count against Soto, the latter’s attorney interposed an objection that the matter was irrelevant. The prosecutor suggested the facts were relevant under the penalty provisions of section 209. The magistrate sustained the objection and observed, “We are not concerned with the penalty provisions today in this preliminaiy hearing.”
In the superior court the prosecutor defended his right to allege any matters which were supported by the evidence before the magistrate. (Pen. Code, § 739; People v. Eitzen. (1974) 43 Cal.App.3d 253, 259-260 [117 Cal.Rptr. 772]; Dudley v. Superior Court (1974) 36 Cal.App.3d 977, 982-985 [111 Cal.Rptr. 797]; cf. Jones v. Superior Court (1971) 4 Cal.3d 660, 664-667 [94 Cal.Rptr. 289, 483 P.2d 1241]; see Witkin, Cal. Criminal Procedure (1963) § 181, p. 171 and (1975 supp.) § 181, p. 151.) The court granted the motions to strike the bodily injury clause, and stated, “If it is surplusage, it is proper to strike it. [¶] If you are saying that it belongs there on a factual basis I say the factual basis had not been established according to this record.” The first ground was qualified by a prior statement to the prosecutor: “You are not being prejudiced one iota. If it is surplusage, you are going to prove it at the point of trial.”
There is strong support for the view that it is unnecessary to allege facts which would delineate the punishment sought for a violation of section 209 of the Penal Code. In People v. Britton (1936) 6 Cal.2d 1 [56 P.2d 494], the court rejected the contention that it was necessaiy to allege that the victim of a kidnaping for robbery suffered bodily harm in order to sustain proof and sentencing in accordance with the punishment authorized for such circumstance. The court stated: “Section 209 of the Penal Code, for the purpose of this case, defines but one criminal act or offense, viz., kidnaping for purpose of robbery, for which any one of several punishments may be imposed, depending entirely upon the circumstances surrounding its commission. A charge in the language of the statute that the accused had kidnaped his victim for the purpose of robbery in violation of the statute apprises the accused of what he will be expected to meet and of the several punishments prescribed therefor, any *273 one of which, upon conviction, may be imposed upon him.” (6 Cal.2d at pp. 4-5.) The court pointed out: “It is well settled in this state that an indictment or information need not allege the particular mode or means employed in the-commission of an offense, except when of the essence thereof. [Citation.] In other words,.particulars as to manner, means, place or circumstances need not in general be added to the statutory definition. [Citations.] The indictment or information need only charge the essential elements of the statutory offense. It then fairly apprises the defendant of what he is to meet at the trial.” (Id., at p. 5; see also People v. Reeves (1955) 135 Cal.App.2d 449, 453-454 [287 P.2d 544]; People v. Holt (1949) 93 Cal.App.2d 473,. 476 [209 P.2d 94] [cert, den., 339 U.S. 950 (94 L.Ed. 1363, 70 S.Ct. 798)]; and Witkin, Cal. Crimes (1963) § 355, p. 327; and Witkin, Cal. Criminal Procedure, op. cit., supra, § 199, subd. (e), p. 188; note, People v. Haley (1941) 46 Cal.App.2d 618, 624-625 [116 P.2d 498], and 20 CaI.Jur.3d, § 1921, p. 485, fns. 30 and 31.)
The principle that the allegation of facts constituting aggravating circumstances is unnecessary does not of necessity establish that such allegations, when pleaded, should be stricken. In this particular case we cannot determine whether the magistrate’s ruling was predicated on the theory that the prosecutor had failed to allege that he was charging bodily harm, or on the belief that since proof of bodily harm could be made under a general allegation of violation of 'section 209 it was unnecessary to go into the matter at the preliminary examination. The prosecutor’s failure to offer to amend precluded a determination of the former question. The tardy addition in the information did not cure the failure to attempt to do so before the magistrate. We, therefore, do not find the defendants estopped to question the sufficiency of the evidence before the magistrate on the issue of bodily harm because of their objection. The prime fault was the prosecution’s failure to attempt to amend its complaint in the face of that objection.
If the magistrate intended to exclude the evidence concerning bodily harm as irrelevant regardless of the state of the pleadings, we feel he erred. Recent cases indicate that it is essential that the accused be given full notice of the charges against him and an opportunity at a preliminary hearing to determine whether there is evidence to support those charges. (See Jones v. Superior Court, supra, 4 Cal.3d 660, 667-668; and Jennings v. Superior Court (1967) 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304].)
*274 In this case the defendants sought to limit the gravity of the charges at every opportunity, and they were entitled to a ruling on the merits in response to their motion in the superior court. The court erred in attempting to dispose of the allegations as surplusage. Under the circumstances of this case it was not erroneous for the prosecution to give the defendants notice that it was seeking to aggravate the punishment. (See In re Crumpton (1973) 9 Cal.3d 463, 468 [106 Cal.Rptr. 770, 507 P.2d 74].) Generally such matters are required to be charged. (See Pen. Code former § 3024 and People v. Ford (1964) 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892]; former § 213 and People v. Superior Court (Lozano), supra, 69 Cal.App.3d 57, 62-65, People v. Superior Court (Vasquez), supra, 69 Cal.App.3d 14, 19, People v. Salas (1976) 58 Cal.App.3d 460, 475-476 [129 Cal.Rptr. 871], and People v. Hopkins (1974) 39 Cal.App.3d 107, 113-119 [133 Cal.Rptr. 880]; former § 461 and People v. Superior Court (Lozano), supra; and former § 264 and People v. Superior Court (Vasquez), supra.) In the foregoing sections (all amended or repealed effective July 1, 1977, by the revision of the Penal Code contained in Stats. 1976, ch. 1139, see §§ 279, 138, 207 and 154), it was expressly provided that the aggravating circumstances be charged. Nonetheless, even without a statutory mandate, it has been recognized that it is desirable to clearly set forth the facts, if not the section, to be relied upon to secure enhanced punishment. (See People v. Najera (1972) 8 Cal.3d 504, 509, fn. 4 [105 Cal.Rptr. 345, 503 P.2d 1353] [§§ 12022 and 12022.5]; People v. Hopkins, supra, 39 Cal.App.3d 107, 111-113 [§ 12022.5]; and People v. Taylor (1966) 247 Cal.App.2d 11, 14-17 [55 Cal.Rptr. 521] [particular classification of búrglary]; cf. People v. Nunez (1970) 7 Cal.App.3d 655, 663 [86 Cal.Rptr. 707].)
Due process of law may require no more than notice of the all embracing charge against the defendant. Nevertheless in the light of the foregoing precedents we deem it an abuse of discretion to strike as surplusage allegations which would specifically place the defendant on notice that the prosecution is seeking enhanced punishment. (See People v. Superior Court (Lozano), supra, 69 Cal.App.3d 57, 65; and People v. Superior Court (Vasquez), supra, 69 Cal.App.3d 14, 18-21.)
B. Proof
On the merits it appears that the trial court erred insofar as its ruling purported to find that there was no evidence to sustain the aggravated charge. The ambivalent ruling purported to permit the prosecution to proceed to attempt to prove bodily harm under the *275 remaining general charge. Nevertheless, for the reasons set forth above we conclude that the defendants were entitled to a ruling at that time with respect to the consequences they faced if unsuccessful in resisting the charges at trial. Although People v. Britton, supra, suggests such notice is unnecessary because it is inherent in the general charge, later cases indicate that notice of the gravity, as well as the nature, of the charge should.be given. (See part IA above.) In addition to the question of affording the accused due process of law, practical considerations, attendant to resolution of the case without trial, indicate that an early determination should be made of the nature of the possible maximum penalty when possible.
The evidence here is of questionable, but, we cannot say, of entirely inadequate sufficiency. The victim suffered some bodily injury because of physical restraints in the handcuffing of her hands and ankles, and also some soreness in the area of her vagina from the battery related below. (See part II.)
Earlier cases define bodily harm as “ ‘any touching of the person of another against, his will and with physical force in an intentional, hostile and aggravated manner, or-projecting of such force against his person.’ ” (People v. Tanner (1935) 3 Cal.2d 279, 297 [44 P,2d 324]; accord, People v. Chessman (1951) 38 Cal.2d 166, 185 [238 P.2d 1001] [disapproved on other grounds in People v. Daniels (1969) 71 Cal.2d 1119, 1139 (80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677)]; People v. Brown (1947) 29 Cal.2d 555, 559-560 [176 P.2d 929]; and People v. Britton, supra, 6 Cal.2d 1, 3-4.) In People v. Jackson (1955) 44 Cal.2d 511 [282 P.2d 898], the court analyzed the purpose of the enhanced punishment prescribed when the victim of the kidnaping suffered bodily harm. If concluded that the purpose of the clause was to deter a kidnaper from inflicting injuries on his victim. Nevertheless it recognized that the clause should; not apply to trivial and unsubstantial injuries of a sort necessarily incidental to the seizure, carrying away and detention which generally accompany a forcible kidnaping. (44 Cal.2d at pp. 515-517; see also People v. Daniels (1969) 71 Cal.2d 1119, 1133 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677]; and People v. Isitt (1976) 55 Cal.App,3d 23, 29 [127 Cal.Rptr. 279].)
On the other hand it is clear that a forced sexual assault constituting forcible rape evidences the type of great bodily injury which enhances the punishment provided for robbery under the provisions of former section 213 of the Penal Code. (People v. Cardenas (1975) 48 Cal.App.3d 203, 207 [121 Cal.Rptr. 426].) The rulings in People v. Chessman, supra, *276 and People v. Brown, supra, that forcible rape constitutes bodily harm were not overturned by People v. Jackson, supra. (See People v. Superior Court (Vasquez), supra, 69 Cal.App.3d 14, 19-20.) There are other cases of kidnaping accompanied by sexual attacks in which there was no finding of bodily harm. (See People v. Stephenson (1974) 10 Cal.3d.652, 658 [111 Cal.Rptr. 556, 517 P.2d 820]; and People v. Beaumaster (1971) 17 Cal.App.3d 996, 1008 [95 Cal.Rptr. 360],) The failure to so find does not establish that no such .finding would have been factually merited. We note that in each case the defendant was found guilty of a separate offense involving the sexual attack. The propriety of using the same acts to enhance the punishment for kidnaping might well be questioned. Nor can the defendants rely on People v. Baker (1964) 231 Cal.App.2d 301 [41 Cal.Rptr. 696, 11 A.L.R.3d 1046]. There the injuries were self-inflicte'd as a result of the victim’s attempt to escape. The court recognized that it was implicit in every kidnaping that the kidnaper would not permit his victim to escape. It might well have recognized that it was implicit and foreseeable that the victim might undergo some bodily injury to effect an escape. Nevertheless it properly held, since aggravating the punishment could not deter injuries resulting from the latter course of conduct, that there must be some intentional aggravation of the completed kidnaping by the perpetrator before the enhancement clause could come into play. (Cf., People v. Frogge (1969) 270 Cal.App.2d 106, 117-119 [75 Cal.Rptr. 517].)
In this case the injuries received as a result of the confinement imposed by the defendants jointly appear to fall within the type of trivial and unsubstantial injuries which generally accompany a kidnaping. On the other hand the injuries, if any, suffered by the victim from the assault and battery by the defendant Soto transcend the former rule. There was sufficient evidence at the preliminary hearing, despite the magistrate’s ruling which erroneously cut off further examination, to show probable cause that the victim received some injuries not directly related to the kidnaping itself. Whether they constituted additional bodily harm under the statute was a factual question for resolution at the trial. (See People v. Superior Court (Lozano), supra, 69 Cal.App.3d 57, 65.)
The foregoing error is subject to the constitutional rule that there must be a miscarriage of justice before a reversal will be ordered. (Const., art. VI, § 13.) In view of the defendant’s subsequent conviction, the questionable nature of whether his sentence could now be enhanced, even in the event of retrial after a successful appeal, and the unsubstantiality of the evidence as suggested by that adduced at the. preliminary *277 hearing, we conclude that the order striking the enhancing phrase, although erroneous, should not be reversed. It is not reasonably probable that the defendant in the future either could or would be convicted of an offense more grievous than that of which he has already been found guilty.
II
In the second count of the information the defendant Soto was charged with assault with intent to commit rape in violation of section 220 of the Penal Code.[4] So far as appears, this charge was not made in the complaint. (See fn. 2 above.) The People apparently rely on the general principles discussed above in connection with the provisions of section 739 of the Penal Code. They claim the evidence set forth below demonstrated that a magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that the. offense charged was committed by the accused. (See People v. Vermouth (1971) 20 Cal.App.3d 746, 756 [98 Cal.Rptr. 65]; and People v. Clifton (1967) 248 Cal.App.2d 126, 132 [56 Cal.Rptr. 74].) Since the magistrate never passed on the sufficiency of the charge in question, the People’s reliance on the foregoing precedent is questionable. The question may be whether the trial judge, abused his discretion in finding the evidence was insufficient to justify the added charge. By either test we find no error.
The following incident occurred while the victim was held a captive. The night following the abduction the two defendants stopped their van on a side road and two sleeping bags were spread out in the van by defendant West. The three went back in the van. The victim occupied one sleeping bag, with one arm handcuffed to the latch of a trunk or footlocker in which she earlier had been concealed. Defendant West occupied the other sleeping bag with her head at the victim’s feet.
Sometime later in the night Soto complained that he was cold and proceeded to get into the victim’s sleeping bag. At the time, the girl was dressed in her school uniform which consisted of brown pants, a white blouse and a blue and white flowered jacket. Soto tried to kiss her, but *278 she pushed him away with her free arm. Soto then held that arm above her head and started to unbutton her blouse. The victim told Soto that he was not supposed to hurt her because her father would pay him the money. Soto responded that she had an option either to be raped or to play with him. He ordered her to take off her clothes, but she would not do it. Soto then removed the lower portion of her clothes and all of his clothes. Soto sat on the girl’s stomach for awhile. Then he put his hand in her vagina and laying beside her he moved back and forth. This incident lasted approximately five to ten minutes. Then the victim asked to use the bathroom and got her clothes on again. It was getting light. Defendant West said that she could not sleep so Soto drove the van to a public restroom.
The victim testified that as a result of the experience she had some soreness in her vaginal area. The morning after the incident Soto apologized to her. He told her that he had not realized it would bother her so much because the other girl he had kidnaped did not mind being raped.
Both parties agree that the requisites of the offense charged are correctly set forth in People v. Puckett (1975) 44 Cal.App.3d 607 [118 Cal.Rptr. 884], as follows: “To support a conviction for assault with intent to commit rape, the prosecution must prove the assault and an intent on the part of defendant to use whatever force is required to complete the sexual act against the will of the victim.” (44 Cal.App.3d at p. 613; see also People v. Greene (1973) 34 Cal.App.3d 622, 637, fn. 3, 648, 651, fn. 7, 652, fn. 8 [110 Cal.Rptr. .160] and text accompanying those fns.; People v. Cortez (1970) 13 Cal.App.3d 317, 326-327 [91 Cal.Rptr. 660]; People v. Clifton, supra, 248 Cal.App.2d 126, 130-131; People v. Green (1960) 180 Cal.App.2d 537, 542-543 [4 Cal.Rptr. 304]; and People v. Mullen (1941) 45 Cal.App.2d 297, 299-300 [114 P.2d 11] [disapproved in part in People v. Hood (1962) 199 Cal.App.2d 44, 47 (18 Cal.Rptr. 351)].)
The cases recognize a distinction between acts indicating an intent to use force to complete the sexual act against the will of the victim, and facts which merely show sexual motivation and an intent to seduce. (See People v. Puckett, supra, 44 Cal.App.3d at pp. 613-614; People v. Greene, supra, 34 Cal.App.3d at pp. 651-652; People v. Cortez, supra, 13 Cal.App.3d at p. 326; and People v. Mullen, supra, 45 Cal.App.2d at pp. 299-300.) Nevertheless if there is evidence of the former intent and acts attendant to the execution of that intent, the abandonment of that intent *279 before consummation of thé act will not erase the felonious nature of the assault. (See People v. Clifton, supra, 248 Cal.App.2d at p. 130; and People v. Green, supra, 180 Cal.App.2d at pp. 542-543.)
Although the actions of defendant Soto in this case are consistent with but a simple assault or battery attendant to an attempt to seduce, a review of the precedents collated in People v. Greene, supra (34 Cal.App.3d at p. 652, fn. 8), reflects that. the . evidence produced warranted a strong suspicion of. the intent to have sexual intercourse by the use of force which was subsequently abandoned. In People v. Peckham (1965) 232 Cal.App.2d 163 [42 Cal.Rptr. 673], the court noted: “Appellant’s statement that he wanted the victim and that he had come to rape her' in broad daylight were sufficient to establish his intent to rape.” (232 Cal.App.2d at p. 168.) In People v. Bard (1968) 70 Cal.2d 3 [73 Cal.Rptr. 547, 447 P.2d 939], the court stated: “By climbing into the victim’s bed, thrusting his hand beneath her underwear, and fondling her private parts, defendant assaulted her [citations]; and there would appear to be no reason why a potential rapist must exceed this degree of unwarranted physical contact before it can be said he intended to take his victim against her will.” (70 Cal.2d at p. 6; see also People v. Nye (1951) 38 Cal.2d 34, 37 [237 P.2d 1] [disapproved on other grounds in People v. Rincon-Pineda (1975) 14 Cal.3d 864, 882 (123 Cal.Rptr. 119, 538 P.2d 247)]; and People v. Elder (1969) 274 Cal.App.2d 381, 398-401 [79 CaLRptr. 466].)
The trial court erred in dismissing the second count. Nevertheless here again for the reasons set forth with respect to the ruling on the first count, we do not believe a reversal is warranted because there has been no miscarriage of justice. It is not reasonably probable that the defendant in the future could or would be convicted of a second offense in addition to that of which he has already been found guilty.
The orders are affirmed.
Elkington, J., and Lazarus, J.,* concurred.

The People’s reliance on the provisions of paragraph (1) of subdivision (a) of section 1238 of the Penal Code, which grants an appeal from- an order setting aside the information, has not been questioned with respect to the first count. We therefore refrain from determining whether application for an extraordinary writ would be more appropriate where the charge is sustained but allegations, which, if proved, will enhance the punishment, are stricken. (See People v. Superior Court (Lozano) (1977) 69 Cal.App.3d 57, 60-62 [137 Cal.Rptr. 767]; People v. Superior Court (Vasquez) (1977) 69 Cal.App.3d 14, 18-19 [137 Cal.Rptr. 762]; and People v. Superior Court (Brodie) (1975) 48 Cal.App.3d 195, 198-201 [121 Cal.Rptr. 732].)

At the conclusion of the preliminary examination the magistrate ruled: “The evidence in this case clearly establishes the commission of the violation of Penal Code section 209 and further establishes that the two defendants in this case Ruben Sotó and Rershell Denise West were probably the persons who committed such offense. Accordingly, each Defendant will be held to answer to the charge of violation of section 209 of the Penal Code.” At the argument on the defendants’ motions the attorney for the defendant Soto announced, without contradiction: “I discussed this case with [a deputy district attorney] in the Municipal Court, who made a decision , not to file a bodily harm clause, and I talked to him about it. [¶] And since he didn’t file it, I didn’t think that it was proper to go into it. [¶] And then they turn around and file it here, and that is my position here and therefore I think we are getting double-ended here. [¶] And if he wants to plead it and intends to prove it, he wants to get life without possibility of parole, usually capital punishment, if he wants that serious penalty, then we are entitled to a hearing before this Court on this transcript as to whether or not he has got enough to charge this, and that is why we are before this Court.” The court also observed: “The pleadings down there didn’t say anything about bodily injury right there.”

At the time of the commission of the offense section 209 provided in pertinent part: “Any person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains, such individual for ransom, reward or to commit extortion-or to exact from relatives or friends of such person any money or valuable thing, or any person who kidnaps or carries away any individual to commit robbery, or any person who aids or abets any such act, is guilty of a felony and upon conviction thereof shall suffer death in cases in which any person subjected to any such act suffers death, or shall be punished by imprisonment in the state prison for life without possibility of parole in cases in which *272 any person subjected to any such act suffers bodily harm, or shall be punished by imprisonment in the state prison for life with possibility of parole in cases where no such person suffers death or bodily harm.” (Stats. 1973, ch. 719, § 8, p. 1300; cf. Stats. 1976, ch. 1139, § 136.5, p. 5099, operative July 1, 1977, and see People v. Superior Court (Vasquez), supra, 69 Cal.App.3d 14,20, fn. 3 and accompanying text.)

Section 220, as it read at the time of the commission of this offense, provided: “Every person who assaults another with intent to commit rápe, sodomy, mayhem, robbery, or grand' larceny, is punishable by imprisonment in the state prison not less than one year nor more than 20 years.” (Stats. 1975, ch. 71, § 4, p. 133; cf. Stats. .1976, ch. 1139, § 144, operative July 1, 1977.)