RICHARDSON, J.
*33 INTRODUCTION
The court dismissed the misdemeanor complaint against defendant Jacob Marroquin upon his satisfaction of the condition that he not reoffend. On appeal, the People contend the court's dismissal under Penal Code section 1385,[1] as part of an unauthorized nonstatutory deferral of sentencing program, was an abuse of discretion. We agree and reverse the order of dismissal.
BACKGROUND
On April 8, 2015, a misdemeanor complaint was filed charging defendant with possession of a nanchaku (§ 22010) (count 1) and possession of drug paraphernalia ( Health & Saf. Code, § 11364.1, subd. (a) ) (count 2). At his arraignment on April 21, 2015, defendant entered pleas of not guilty to the charges. The matter was called for trial on July 15, 2015. On the People's *34 motion, the court ordered the complaint amended to change count 2 to a violation of Health and Safety Code section 11364.
July 27, 2015, Order
The trial was trailed to July 27, 2015. On that date, the court indicated it intended to grant defendant informal diversion pursuant to section 1001.94 et seq., stating, "So over the prosecutor's objection, I will offer to give you diversion. It's unclear to me, based on what I've heard from the lawyers, if the stuff actually belonged to you or your son. Because of that ambiguity, I will offer diversion. [¶] The terms of diversion are be to a good citizen for a year and the case would get dismissed." The prosecutor objected that section 1001.98, subdivision (h)(2), prohibited diversion in this case because the charge involved a dangerous weapon. When the court asked defendant if he wanted to accept diversion, defendant responded, "No." The court then explained, "Okay what that means is, I'm going to dismiss the case. You don't have to complete any obligations. You are not going to get a criminal conviction. You don't have to pay any fees. [¶] So I'm offering, over the prosecutor's objection, to *325 dismiss the case. All you have to do is be a good citizen for a year, which is not difficult, because you've been a good citizen your entire life." The court informed defendant that the alternative would be to proceed to trial and, if he were found guilty, that would result in a criminal conviction and a year in jail.
When asked again, defendant agreed to diversion and entered a guilty plea. The court accepted the plea and deferred a finding of guilt. It reiterated that as long as defendant did not get arrested the case would be dismissed in one year, on July 27, 2016.
On July 29, 2015, the People filed an appeal of the trial court's grant of diversion. This court deemed the appeal a petition for writ of mandate and, on April 12, 2016, issued a Palma[2] notice stating its intention to issue a peremptory writ of mandate in the first instance. The trial court was given until May 13, 2016, to reconsider and vacate its order granting diversion. On the stated deadline, the trial court acknowledged the suggestive Palma notice and vacated its July 27, 2015, order granting diversion pursuant to section 1001.94.
June 7, 2016, Order
On June 7, 2016, at a jury trial setting hearing, the trial court revised its prior position that deferral of judgment was pursuant to Penal Code section 1001.94. The *35 court stated its order deferring judgment was based upon "the authority" outlined in an opinion written by the Legislative Counsel on November 4, 2014, regarding a trial court's authority over the disposition of a criminal case. The court added that its order was "clearly not diversion" because the prosecutorial function was not being impeded. The court had accepted a guilty plea and "the only thing that remain[ed] to be done ... [was] rendition of judgment" and imposition of sentence, both of which were "clearly judicial functions."
The prosecutor clarified, "But today's order is essentially granting the court's version of diversion, which is holding the judgment ... under the court's inherent authority, as opposed [to] under the statutory authority?" The court replied, "Right."
The court accepted defendant's guilty plea and deferred sentencing until July 27, 2016. The court's minute order stated, "No affirmative conditions are placed upon the defendant during the period of deferment. If the defendant has not reoffended during the deferment period, the court will consider exercising its discretion to withdraw the plea and dismiss the charge." (Italics added.)
The People once again filed a petition for writ of mandate, and on July 13, 2016, this court issued a second Palma notice. We found the trial court did not have inherent power to delay sentencing in this case and that its sentencing power was constrained by section 1001.94 et seq., specifically section 1001.98, subdivision (h)(2), which barred diversion, over the prosecutor's objection, in a case involving a dangerous weapon. The trial court was given until August 1, 2016, to reconsider and vacate its order.
July 27, 2016, Order
On July 27, 2016, the trial court concluded that defendant had complied with the trial court's condition not to reoffend, set aside his guilty plea, and dismissed the *326 underlying criminal action pursuant to section 1385. As a result, on September 2, 2016, this court dismissed the People's petition for writ of mandate as moot. The instant appeal seeking review of the trial court's dismissal followed.
DISCUSSION
Section 1385
Section 1385, subdivision (a), provides in pertinent part: "The judge ... may ... of his or her own motion ..., and in furtherance of *36 justice, order an action to be dismissed." " ' " '[T]he language of [ section 1385 ], "furtherance of justice," requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People, in determining whether there should be a dismissal. [Citations.]' ... At the very least, the reason for dismissal must be 'that which would motivate a reasonable judge.' [Citations.]" ' " ( People v. Allan (1996) 49 Cal.App.4th 1507, 1519, 57 Cal.Rptr.2d 269, italics omitted.) "The standard for appellate review of a decision to dismiss charges ... in the furtherance of justice is whether the trial court abused its discretion in making that decision. [Citation.]" ( People v. S.M. (2017) 9 Cal.App.5th 210, 218, 215 Cal.Rptr.3d 36.)
Nonstatutory Diversion
As enacted by Assembly Bill No. 2124, sections 1001.94 - 1001.99 created a "Deferral of Sentencing Pilot Program" which authorizes judges in Los Angeles County, in limited circumstances, to grant deferred entry of judgment to a defendant over the objection of the prosecution attorney.
"At the time Assembly Bill 2124 was drafted, multiple diversion programs and one deferred entry of judgment program already existed. The best known of these programs are deferred entry of judgment and pretrial diversion programs for defendants accused of specified narcotics-related offenses. (§§ 1000-1000.[6].) Other programs include: (1) diversion for individuals suspected of physical child abuse or neglect (§ 1000.12); (2) diversion of defendants with cognitive developmental disabilities (§§ 1001.20-1001.34); (3) diversion of suspected traffic violators, commonly referred to as 'traffic school' (§ 1001.40); (4) diversion for individuals suspected of writing bad checks (§§ 1001.60-1001.67); diversion for parents suspected of contributing to the delinquency of a minor in violation of section 272 (§§ 1001.70-1001.75); and (5) diversion for members of the United States military who might be suffering from service-related mental health issues (§ 1001.80). In addition, the Legislature authorized counties to create a general misdemeanor diversion program. (§§ 1001.50-1001.55.)" ( People v. Superior Court (Sanchez-Flores) (2015) 242 Cal.App.4th 692, 696, 195 Cal.Rptr.3d 414.)
On July 27, 2015, when the court originally deferred the judgment, it stated that it was exercising its discretion to do so pursuant to the county's pilot program ( § 1001.94 et seq. ). However, section 1001.98, subdivision (h)(2), specifically prohibits deferral of sentencing where the charge against a defendant involves a dangerous weapon. It provides, "Deferral of sentencing [pursuant to sections 1001.94 et seq. ] shall not be offered when ...
*37 [t]he charge includes ... [t]he unlawful use, possession, sale, or transfer of a dangerous weapon...."
On June 7, 2016, the trial court corrected the stated basis for its deferral of sentencing as nonstatutory and pursuant to its inherent authority. We conclude there was no basis to do so because the Legislature has not conferred "a general grant of authority to trial courts to grant diversion to a defendant, outside a diversion *327 program mandated by the state or by local government, and over the objection of the prosecuting attorney...." ( People v. Tapia (1982) 129 Cal.App.3d Supp. 1, 9, 181 Cal.Rptr. 382, fn. omitted.)
People v. Municipal Court (Gelardi) (1978) 84 Cal.App.3d 692, 149 Cal.Rptr. 30 ( Gelardi ) is also instructive. In Gelardi , the defendant was charged with brandishing a weapon and, over the People's objection, the municipal court judge continued the case six months for a " 'possible dismissal,' " dependent on the conduct of the defendant. ( Id . at p. 695, 149 Cal.Rptr. 30.) Prior to the dismissal of the case, the People brought a writ of mandate seeking to nullify the court's action. ( Ibid. ) The appellate division denied the writ, and the People appealed that denial. ( Ibid . )
In reversing the appellate division's decision, the Gelardi court found that the trial court's ad hoc diversion, which included dismissal under section 1385, was not consistent with the ends of justice because it was unauthorized and in excess of jurisdiction. (Gelardi , supra , 84 Cal.App.3d at pp. 699-700, 149 Cal.Rptr. 30.) The Gelardi court stated that where " 'the Legislature has seen fit to adopt a general scheme for regulation of a particular subject,' " such as diversion, "trial courts ... should not substitute their own rehabilitation concepts for those of the Legislature." ( Id. at p. 700, 149 Cal.Rptr. 30.) The court also observed, in dictum, that "nothing in the Penal Code's newly enacted [diversion statutes] ... authorizes the above described 'continuance,' 'dismissal,' and 'rehabilitation' procedures." ( Id. at pp. 700-701, 149 Cal.Rptr. 30.)
Defendant asserts that Gelardi is inapposite because the concern in that case was with "the adverse consequences of pre-trial delays." While it is true that the Gelardi court recognized that "both the [P]eople and the defendant have the right to an expeditious disposition," it noted that, " 'to that end it shall be the duty of all courts and judicial officers and of all counsel ... to expedite such proceedings to the greatest degree that is consistent to the ends of justice ....' " ( Gelardi , supra , 84 Cal.App.3d at p. 700, 149 Cal.Rptr. 30, italics added.)
Defendant fails to cite any authority which holds that the trial court shares contemporaneous authority with the Legislature to craft diversion programs.
*38 See People v. Tapia , supra , 129 Cal.App.3d Supp. at p. 9, 181 Cal.Rptr. 382 [holding that § 1001 et seq. is not a general grant of authority to trial courts to grant diversion to a defendant, outside a diversion program mandated by the state or by local government, and over the objection of the prosecuting attorney, but instead is an authorization to local governments to institute diversion programs on an experimental basis].)
Defendant urges us to give "great weight" to the November 4, 2014, Legislative Counsel Opinion cited by the trial court in its July 25, 2016, minute order. In that opinion, the Legislative Counsel concluded, apart from the statutory misdemeanor diversion programs, a trial court has the authority to accept a plea of guilty or no contest from a defendant on a misdemeanor charge, defer sentencing to enable the defendant to satisfy court-imposed conditions during the period of deferment, and then dismiss the charge, so long as the court does not impose conditions that could be construed as ad hoc penalties and the plea is not the result of a judicial plea bargain.
The opinions of the Legislative Counsel are not binding on us. ( Southern California Edison Co. v. Public Utilities Commission (2014) 227 Cal.App.4th 172, 194, 173 Cal.Rptr.3d 120.) Moreover, the *328 Legislative Counsel opinion at issue never addressed the specific question before us-whether the court is authorized to implement its own nonstatutory deferral of sentencing program when the charge against the defendant involves a dangerous weapon, and the defendant otherwise would be ineligible for statutory deferral of sentencing under the county's pilot program. (See People v. Zeigler (2012) 211 Cal.App.4th 638, 660-661, 149 Cal.Rptr.3d 786 [" 'Language use in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered' "].) Furthermore, because that opinion was written after the enactment of Assembly Bill No. 2124, and it was not prepared to assist the Legislature in considering pending legislation, we give it "no more weight than the arguments of the parties here and disagree with its conclusions." ( Southern California Edison Co. v. Public Utilities Commission , supra , 227 Cal.App.4th at p. 195, 173 Cal.Rptr.3d 120.) Indeed, our review does not involve an examination of the Legislature's intent in enacting AB 2124.
Discretionary Sentencing
Defendant also attempts to characterize the actions of the trial court as part of its authority to exercise its sentencing discretion, including the discretion to dismiss under section 1385. In support of the claim, he cites to People v. Clancey (2013) 56 Cal.4th 562, 155 Cal.Rptr.3d 485, 299 P.3d 131 ( Clancey ), in which the California Supreme Court held, "[w]ithin the limits *39 set forth by the Legislature, a trial court has broad discretion [in sentencing] to decide ... whether to dismiss one or more offenses or allegations in the interest of justice. [Citation.]" ( Id . at p. 579, 155 Cal.Rptr.3d 485, 299 P.3d 131.) The facts of Clancey , however, are distinguishable. There, the trial court dismissed certain charges or enhancements during sentencing after defendant pled no contest to the charges, and the issue on review was whether the trial court engaged in unlawful judicial plea bargaining. ( Id . at p. 568, 155 Cal.Rptr.3d 485, 299 P.3d 131.) In the instant case, however, the court set aside defendant's guilty plea prior to dismissing the entire case against him. As pointed out by the People, because there was no guilty plea or conviction, the trial court's action cannot be construed as discretionary sentencing -the court imposed no sentence.
Defendant alternatively contends the court's dismissal may be upheld as a proper imposition of an indicated sentence. "In an indicated sentence, a defendant admits all charges, including any special allegations and the trial court informs the defendant what sentence will be imposed. No 'bargaining' is involved because no charges are reduced. [Citations.] In contrast to plea bargains, no prosecutorial consent is required. [Citation.]" ( People v. Allan , supra , 49 Cal.App.4th at p. 1516, 57 Cal.Rptr.2d 269.) This argument fails for the same reason as stated above-no sentence was imposed.
" 'Although the power given the trial court under section 1385 is very broad [citation], the discretion to be exercised is not absolute [citation].' [Citation.] [¶] An order of dismissal is a matter of public concern [citation]. ' "[F]urtherance of justice" ' [means] justice to society [the People] as well as to a criminal defendant ... [citation]. '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" ( People v. Superior Court (Montano) (1972) 26 Cal.App.3d 668, 670-671, 102 Cal.Rptr. 925.)
Here, defendant entered a guilty plea, and the public defender concurred.
*329 "As the effect of a plea of guilty is to admit all of the elements of the crime charged, he stood convicted of the offense in the eyes of the law." ( People v. Superior Court (Kasp ar ek) (1962) 202 Cal.App.2d 850, 855, 21 Cal.Rptr. 178.) "[T]he power of the court in dealing with an offender to be sentenced for judgment on a plea ... of guilty is limited to either sentencing the defendant, suspending execution of sentence and entertaining an application for probation, or withhold[ing] the imposition of judgment and plac [ing] the defendant on probation." ( Ibid . ; People v. Superior Court (Montano) , supra , 26 Cal.App.3d at p. 671, 102 Cal.Rptr. 925 ["[t]he judge's concern for [defendant's] rehabilitation ... could be taken into account at the time of sentencing. '[T]he Legislature has wisely provided judges with alternatives which they may properly consider in the sentencing process' "]; see §§ 1203, 1203.1.) Thus, the trial court herein had no discretion except to sentence defendant or to grant him probation.
*40 Conclusion
In sum, the court's dismissal of the action against defendant pursuant to section 1385 was in excess of the confines and constraints set by the Legislature. (See Gelardi , supra , 84 Cal.App.3d at p. 698, 149 Cal.Rptr. 30 ; People v. Superior Court (Kasp ar ek) , supra , 202 Cal.App.2d at p. 855, 21 Cal.Rptr. 178.)
DISPOSITION
The order dismissing the complaint against defendant is reversed.
We concur:
P. MCKAY, P.J.
KUMAR, J.

All further statutory references are to the Penal Code unless otherwise indicated.

Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 179, 203 Cal.Rptr. 626, 681 P.2d 893.