Filed 7/7/25  P. v. Doron CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>KARL WILLIAM DORON,<br><br>  Defendant and Appellant. | D084487<br><br><br><br>(Super. Ct. No. SCD280854) |

APPEAL from an order of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed as modified.

Lopas Law Group and Matthew A. Lopas for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Christopher P. Beesley, Supervising Deputy Attorney General and Michael D. Butera, Deputy Attorney General for Plaintiff and Respondent.

Karl William Doron appeals from an order granting him Penal Code section 1001.36[1] pretrial mental health diversion following this court's remand in his prior appeal, *People v. Doron* (2023) 95 Cal.App.5th 1.[2] In *Doron*, we held in accordance with *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*) and *People v. Braden* (2023) 14 Cal.5th 791 (*Braden*) that section 1001.36—which had been amended during the pendency of Doron's appeal— applied retroactively to Doron's nonfinal judgment. (*Doron,* at pp. 4, 6-7.) Because the superior court had not applied the statute's new evidentiary burdens, we "revers[ed] the [trial court's] order denying Doron's motion for mental health diversion and remand[ed] the matter with directions that the trial court conduct a new hearing to consider his application for mental health diversion under section 1001.36 as amended by Senate Bill No. 1223." (*Id*. at pp. 10-11.) In granting diversion following remand, the trial court in May 2024 recalled its previously imposed sentence under section 1172.1, subdivision (a)(1), "maintain[ed]" Doron's guilty plea, and stayed his sentencing pending successful completion of mental health diversion.

In this appeal, Doron contends the court erred by maintaining the judgment and his conviction despite granting section 1001.36 diversion; that he should have been returned to a pre-plea position in compliance with our

---

1    Undesignated statutory references are to the Penal Code.

2    Doron had appealed from a judgment following his August 30, 2021 guilty plea to several counts of robbery, attempted robbery and firearm allegations, for which he received a sentence of 10 years four months as specified in our prior opinion. (*People v. Doron*, *supra*, 95 Cal.App.5th at p. 3.) Prior to his guilty plea, Doron unsuccessfully sought pretrial mental health diversion. (*Id*. at pp. 4-5.) The order denying section 1001.36 diversion was the subject of his prior appeal.

directions on remand, a plain reading of section 1001.36, and *Braden*, *supra*, 14 Cal.5th 791.  Doron asks us to direct the court to enter a new order vacating his guilty plea, judgment and sentencing.  The People concede that the trial court should not have maintained Doron's judgment and conviction during his section 1001.36 diversion.  They disagree, however, that Doron is entitled to an unconditional reversal of his convictions so as to return him to a pre-plea posture regardless of whether he successfully completes mental health treatment required for diversion.  The People ask this court to clarify that our prior disposition conditionally reversed Doron's conviction and sentence such that they will be dismissed if he successfully completes diversion and reinstated if he does not.

Our disposition reversing the order denying section 1001.36 diversion, read in context with our adoption of *Frahs*, *supra*, 9 Cal.5th 618, constituted a limited remand for the purpose of allowing the trial court to consider Doron's eligibility for diversion under the statute.  Accordingly, Doron's judgment (his conviction by guilty plea and sentence) was conditionally reversed for that purpose.  The court found Doron met the section 1001.36 eligibility requirements and granted him diversion.  However, because it also "maintain[ed Doron's] plea from August 20, 2021," we direct the court in accordance with *Frahs* to amend its order as indicated below and further direct:  " 'If [Doron] successfully completes diversion, then the court shall dismiss the charges.  However, if . . . [Doron] does not successfully complete diversion, then his convictions and sentence shall be reinstated.' " (*Frahs*, *supra*, 9 Cal.5th at pp. 640-641.)

3

DISCUSSION

On issuance of a remittitur, " 'the trial court's jurisdiction with regard to the "remitted action" is limited solely to the making of orders necessary to carry the judgment into effect.' " (*People v. Hargis* (2019) 33 Cal.App.5th 199, 204.) " 'The actual *judgment* is the one-paragraph disposition . . . found at the end of the opinion.' " (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 312-313.) "The appellate court need not expressly comment on every matter intended to be covered by the disposition. The disposition is construed according to the wording of its directions, as read with the appellate opinion as a whole." (*Id.* at p. 313.) " '[I]f a remittitur is *ambiguous,* the trial court can interpret it in light of the law and the appellate opinion to determine its duties.' " (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 863, fn. 7.) "Whether the trial court has correctly interpreted an appellate opinion is an issue of law subject to de novo review." (*Ducoing Management, Inc.*, at p. 313.) This court too looks to the disposition's directions in conjunction with the opinion as a whole. (*Ibid.*; see also *Ruegg & Ellsworth v. City of Berkeley* (2023) 89 Cal.App.5th 258, 264, 270.)

In *Frahs*, the California Supreme Court decided that section 1001.36 applies retroactively to nonfinal judgments, and did so in the case before it. (*Frahs*, *supra*, 9 Cal.5th at pp. 624, 640.) Following that conclusion, the court addressed the proper remedy. (*Id.* at p. 637.) *Frahs* stated that when the record affirmatively discloses a defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—that he or she suffers from a qualifying mental disorder—the defendant is entitled to a "limited remand for the trial court to decide whether he [or she] should receive diversion under section 1001.36." (*Id.* at pp. 624-625, 640.) In the

4

context of a jury conviction (*id*. at pp. 625-626), the *Frahs* court explained that "by conditionally reversing defendant's convictions and sentence for an eligibility hearing under section 1001.36, the case would be restored to its procedural posture before the jury verdict for purposes of evaluating defendant's eligibility for pretrial mental health diversion. [Citation.] At that point, defendant faced a mere allegation of a prior serious felony conviction, which is not enough to prohibit a suspended sentence or diversion." (*Id*. at pp. 639-640.)

Thus, in its disposition *Frahs* conditionally reversed the defendant's convictions and sentence, and instructed the trial court that if it found defendant met the section 1001.36 eligibility requirements, " 'then the court may grant diversion. If [defendant] successfully completes diversion, then the court shall dismiss the charges. However, if the court determines that [defendant] does not meet the criteria under section 1001.36, or if [defendant] does not successfully complete diversion, then his convictions and sentence shall be reinstated.' " (*Frahs*, *supra*, 9 Cal.5th at pp. 640-641.) It directed the Court of Appeal to remand the cause to the trial court for proceedings consistent with its opinion. (*Id*. at p. 641.)

In *People v. Braden*, the court addressed a question left unanswered by *Frahs*—what was the latest point in criminal proceedings for a defendant to request pretrial diversion—and held the request must be made before attachment of jeopardy at trial or the entry of a plea, whichever occurs first. (*People v. Braden*, *supra*, 14 Cal.5th at pp. 799-802, 819, 824-825.) The answer turned on section 1001.36's definition of "pretrial diversion," and the

meaning of the statute's phrase "until adjudication." (*Id*. at p. 801.)[3] *Braden* examined the statute's text referring to pretrial diversion in the context of the entire legislative scheme, as well as the Legislature's use of the term in other statutes, which had been long understood to refer to the period before trial begins. (*Id*. at pp. 805-807.) The court observed that the statute required the defendant to waive the right to a speedy trial, which indicated the defendant's consent to referral of his case should be tendered before the commencement of trial. (*Id*. at pp. 807-808.) It also observed section 1001.36 contained no procedure for granting a mistrial or waiving double jeopardy, suggesting the Legislature did not intend to authorize midtrial diversion. (*Id*. at p. 808.) Further, the placement of section 1001.36 within the Penal Code was consistent with the understanding of pretrial diversion to mean that the case would be diverted out of the adjudicatory system before the process of determining guilt by trial or plea begins. (*Id*. at p. 809.) The court found its conclusions consistent with the legislative goals to apply the mental health diversion program as broadly as possible, as it merely established when eligible persons had to make a diversion request. (*Id*. at p. 817.) "Requiring that a request be made before trial begins makes a diversion request available for all who qualify. If diversion is deemed appropriate, a grant saves pretrial expenditures, including those attendant on repeated appearances and pretrial custody costs, as well as resources consumed by trials. Encouraging resort to early mental health treatment can increase the chances for therapeutic success and protect both the public and the defendant

---

[3] Section 1001.36, subdivision (f)(1) provides: "As used in this chapter . . . 'Pretrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment," subject to specified conditions.

from future burdens resulting from treatable mental health conditions." (*Id.* at p. 818.)

Braden rejected the defendant's various arguments seeking a different conclusion, including that the term "adjudication" meant the legal process of resolving a dispute, and not a single point in the process. (*Braden, supra,* 14 Cal.5th at p. 810.) Adopting the Court of Appeal's reasoning, *Braden* explained that to interpret "until adjudication" to mean mid- or posttrial, would conflict with the concept of pretrial diversion: " '[I[t is understandable why the Legislature used the term "until adjudication" rather than a phrase such as "until trial." Most adjudications occur by guilty plea, rather than through trial, so defining "pretrial" using the term "until adjudication" encompasses both a plea hearing and an adjudication by trial.' " (*Ibid.*)

Citing *Braden*'s holding as to the meaning of pretrial diversion, Doron makes several arguments as to why the superior court erred by maintaining his judgment and conviction despite its grant of pretrial mental health diversion. Interspersed in these arguments is a claim that our disposition in *Doron, supra,* 95 Cal.App.5th 1 was "not a conditional reversal" and that it "place[d] the procedural posture of the case back to the original mental health diversion hearing—preplea."

Because the People concede—correctly—that the court should not have maintained Doron's guilty plea while at the same time ordering diversion, the sole point we address is whether our disposition in *Doron* unconditionally or conditionally reversed Doron's judgment. Our reliance there on *Frahs, supra,* 9 Cal.5th 618 answers the question. Read in context with *Frahs*, which expressly addressed what remedy was appropriate for a court applying section 1001.36 to a defendant entitled to retroactive application of that statute, Doron's judgment (his conviction by guilty plea and sentence)

7

qualified for the sort of limited reversal procedure approved by *Frahs*. (*Frahs*, at p. 641; *People v. Laino* (2004) 32 Cal.4th 878, 895 ["the general California rule [is] that ' "A plea of guilty constitutes a conviction" ' "]; *Estrada v. Public Employees' Retirement System* (2023) 95 Cal.App.5th 870, 883 ["a plea of guilty . . . 'is a "conclusive admission of guilt" [citation], and constitutes a conviction " 'within the ordinary as well as the technical meaning of the word' " ' "]; *People v. Marroquin* (2017) 15 Cal.App.5th Supp. 31 [" 'As the effect of a plea of guilty is to admit all of the elements of the crime charged, [the defendant] stood convicted of the offense in the eyes of the law' "].)  Nothing in *Braden*, *supra*, 14 Cal.5th 791 changed that procedural remedy, as *Braden* addressed an entirely different question about the timeliness of a defendant's diversion request.

Thus, we conditionally reversed and remanded Doron's judgment for the court to consider whether he was eligible for mental health diversion under section 1001.36.  The trial court did so and granted diversion.  Under *Frahs*, " 'If [Doron] successfully completes diversion, then the court shall dismiss the charges.  However, if . . . [Doron] does not successfully complete diversion, then his convictions and sentence shall be reinstated.' "  (*Frahs*, *supra*, 9 Cal.5th at pp. 640-641.)

## DISPOSITION

The matter is remanded with directions that the court amend its May 13, 2024 minute order granting section 1001.36 pretrial mental health diversion to eliminate the following paragraph: "The Court recalls the previously imposed sentence from October 21, 2021, pursuant to Penal Code section 1172.1[, subdivision] (a)(1). The Court is maintaining the defendant's plea from August 30, 2021. Sentencing is stayed pending successful completion of Mental Health Diversion." The court is further directed: If Doron successfully completes diversion, then the court shall dismiss the charges. If Doron does not successfully complete diversion, then his conviction and sentence shall be reinstated. In all other respects, the order is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

9